ARTHUR BAUCH, Respondent, v. CHARLES A. SCHULTZ, Defendant.

(*Supreme Court, New York Trial Term, December, 1919.*)

**Verdict — when not excessive — negligence — improper conduct of medical expert witnesses — trial — evidence.**

> While plaintiff, a comparatively young man, was lawfully using a public highway, he was so injured by the defendant's negligence, without contributory negligence on his part, that he was rendered practically helpless for life. *Held,* that as the amount of a verdict in his favor safely invested would not yield an income in excess of his previous earnings of about $1,500 a year, a motion to set aside the verdict as excessive will be denied.

> The conduct of the ambulance surgeon who first treated plaintiff after the accident and that of two other physicians from whom plaintiff received treatment while in the hospital, who after testifying to material facts learned by them in their treatment of plaintiff admitted upon cross-examination that before the trial they had been hired by defendant to testify thereat as medical experts, censured.

MOTION to set aside verdict by a jury and for a new trial.

M. D. Silverstein (Moses Feltenstein, of counsel), for plaintiff.

Thomas E. Brownlee, for defendant.

GUY, J. In passing upon the motion to set aside the jury's verdict in favor of the plaintiff and for the granting of a new trial of this action the court would not be performing its whole duty if it merely denied the motion without commenting upon certain unusual features presented at the trial.

Plaintiff has established by the verdict of the jury

that he was injured by defendant's negligence, without contributory negligence on his part, while lawfully using a public highway. Immediately after the accident an ambulance was called by a policeman, and the plaintiff was taken to a hospital, where he received treatment for five or six weeks at the hands of duly licensed physicians connected with that institution. He was then discharged, uncured, but told to report again after a certain interval, but, instead, subsequently procured other medical treatment. He is still suffering from the accident, his injuries amounting to almost total disability in the use of his legs. On the trial plaintiff testified as to the happening of the accident, the extent of the injuries received, and as to his previous condition of health, stating that he had previously suffered from a congenital shortened condition of one leg, which caused him to walk with a limp, but that otherwise he was able to go about and perform work at regular employment; he also called experts who testified as to the extent of his injuries. On the trial, without plaintiff having previously waived his privilege as required by section 836 of the Code, defendant called as witnesses the ambulance surgeon who first treated plaintiff after the accident and the two other physicians from whom plaintiff received treatment while in the hospital, and each of these witnesses, after testifying to material facts learned by him in the treatment of the plaintiff, admitted upon cross-examination that he had been employed previous to the trial by the defendant to testify as a medical expert for hire at the trial. Such an utter disregard of the ethics of the medical and legal professions cannot be passed by without serious condemnation by this court. The relation of physician and patient is peculiarly confidential and is safeguarded by the law in the interest of the patient by forbidding disclosures by physicians of

material and necessary facts, the knowledge of which was gained in the treatment by the physician of his patient, without an express waiver on the part of the patient as provided in the statute. It is clear that the statute in forbidding disclosures by the physician did not intend to place a patient at the disadvantage before a jury of being compelled to object to testimony by his physician, thus manifesting a desire to conceal certain facts. The higher courts in one case have held that where a plaintiff called two out of three physicians who examined the patient after the accident, the plaintiff must be deemed to have waived the protection of the statute so as to permit the calling by defendant of the other physician; also where the plaintiff introduced her physician's certificate as proof of loss that also constituted a waiver of the statute; but I know of no sufficient authority for defendant's contention that the mere fact of plaintiff testifying to the injuries received and to his condition before the accident constituted a waiver of all the privileges of the statute as to physicians at any time employed by him relative to matters within the issues. Such a construction would practically nullify the statute and defeat its beneficent purpose, so that it would no longer be a shield for the patient, and would make the relationship of physician and patient a sword in the hands of one whose wrongful act subsequently caused injury to the patient. If by testifying to injuries wrongfully inflicted by another a plaintiff is held to have waived all the privileges of section 834 of the Code so far as relates to the previous condition of the patient, then the employment of a physician at any time and communications made to him in such confidential relation would be a perilous matter, rendering the patient liable to have laid bare all such confidential communications made to the physician, should he at any future time seek legal redress

for personal injuries wrongfully suffered at the hands of another. But the physicians called as experts on this trial did not have the possible justification which would be furnished by such a construction of the statute in agreeing to testify as witnesses and in accepting employment by the defendant as medical experts in an action brought by their former patient, no such waiver having been made when they accepted employment as experts by the defendant; nor does the case present any evidence of fraudulent claim on the part of the plaintiff such as might explain, though not justify, a disregard of the physician's obligation. The evidence shows an utter disregard of the legal rights of the patient and illustrates the tendency on the part of expert witnesses, without intentional falsehood, to permit their recollection of facts and even the opinion at which they arrive to be modified or colored by the fact that they are employed by one side or other of a litigation.

A more serious question presented for the consideration of the associations of the Bar and medical societies is whether such deliberate and flagrant disregard of the ethics of the medical and legal professions should go unchecked, or whether steps should be taken, by statutory amendment or otherwise, to prevent a recurrence of such incidents. The necessity of some action being taken is shown by the suggestion of one of the medical experts examined herein that as the plaintiff was a free patient in the hospital he was not entitled to the protection of the statute. One who, as a victim of misfortune, incapable of volition in the selection of a physician, is taken to a hospital, is in an exceptional degree entitled to the protection of the law. I do not find defendant's attorney guilty of intentional wrongdoing in connection with the employment of experts, but rather laboring under a misconception

of recent decisions in supposing that they had practically rendered the statute inoperative in cases of this character.

Plaintiff, before the accident, was a comparatively young man, earning about $1,500 a year. Through defendant's negligence he has been rendered practically helpless for life. The sum awarded him, safely invested, will not yield an income in excess of his previous earnings, and in addition he is entitled to recover for his pain and suffering incident to his permanent injury. The verdict is not, in my opinion, excessive, but fully justified by the established facts of the case.

Motion denied.